885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Loretta JARRELL, Widow of Claude Jarrell, Petitioner,
v.
ARMCO STEEL CORPORATION, Director, Office of Workers
Compensation Program, United States Department of
Labor, Respondents.
 No. 89-2043.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 13, 1989.
Decided Sept. 1, 1989.
 
 Roger Daniel Forman, Forman, Kanner & Crane, on brief for petitioner.
 Anthony J. Cicconi, Shaffer & Shaffer, on brief for Armco, Inc.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Loretta Jarrell appeals from a decision of the Benefits Review Board affirming the denial of her claim for survivor benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. We affirm the Board's decision.
 
 
 2
 * Mrs. Jarrell seeks benefits based on two theories. First, she argues that she is entitled to survivor benefits under 20 C.F.R. Sec. 718.205, as the widow of Claude Jarrell. Alternatively, she maintains that she is entitled to benefits as the successor to Mr. Jarrell's black lung disability claim, which was pending at the time of his death on June 21, 1985, and was denied by the administrative law judge and the Board together with the denial of her application for survivor benefits.
 
 
 3
 Under 20 C.F.R. Sec. 718, Mrs. Jarrell would be entitled to survivor benefits if Mr. Jarrell's death is determined to have been "due to pneumoconiosis." 20 C.F.R. Sec. 718.205(a). For claims such as this, filed on or after January 1, 1982, the miner's death is deemed to be due to pneumoconiosis if "competent medical evidence" establishes that fact, if "pneumoconiosis was a substantially contributing cause or factor leading to the miner's death," or if the miner, at the time of his death, suffered from certain severe symptoms raising an irrebuttable presumption that he was disabled. 20 C.F.R. Secs. 718.205(c)(1)-(3). The regulations provide, however, that survivors are not entitled to benefits if "the principal cause of [the miner's] death was a medical condition not related to pneumoconiosis, unless the evidence establishes that pneumoconiosis was a substantially contributing cause of death." 20 C.F.R. Sec. 718.205(c)(4).
 
 
 4
 Under 20 C.F.R. Sec. 718.1, Mrs. Jarrell also would be entitled to benefits if she could show that her husband was entitled to benefits on his disability claim, which was pending at the time of his death. Because Mr. Jarrell's claim was filed before January 1, 1982, it is entitled to consideration under the presumption set forth at 20 C.F.R. Sec. 718.305. See 20 C.F.R. Sec. 718.305(e). This permits a miner to be presumed to be totally disabled due to pneumoconiosis if he was employed for 15 years or more in underground coal mines and "if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment...." 20 C.F.R. Sec. 718.305(a). "[O]ther evidence" includes blood gas studies, pulmonary function studies, and physicians' reports and opinions. See 20 C.F.R. Sec. 718.202(a)(1)(ii)(A). Nonetheless, "[w]here the cause of death or total disability did not arise in whole or in part out of dust exposure in the miner's coal mine employment ... the presumption will be considered rebutted." 20 C.F.R. Sec. 718.305(d).
 
 
 5
 Our review is governed by the rule that " 'findings of fact in the decision under review ... shall be conclusive if supported by substantial evidence in the record considered as a whole.' " Wilson v. Benefits Review Bd., 748 F.2d 198, 199-200 (4th Cir.1984) (quoting 33 U.S.C. Sec. 921(b)(3) as incorporated by 30 U.S.C. Sec. 932(a)).
 
 
 6
 The parties stipulate that Mr. Jarrell was employed in coal mining for 25 years. Armco does not contest the administrative law judge's findings that Mr. Jarrell suffered from pneumoconiosis and that this condition arose out of his coal mine employment. Nor does Armco challenge the administrative law judge's finding that Mr. Jarrell was totally disabled. There are only two questions in dispute: whether pneumoconiosis was at least a substantially contributing cause of Mr. Jarrell's death and whether his disability before death was due to pneumoconiosis.
 
 II
 
 7
 The death certificate identified the cause of Mr. Jarrell's death as acute cardiorespiratory arrest as a consequence of acute and massive myocardial infarction. While the autopsy report disclosed that Mr. Jarrell had pneumoconiosis and mild pulmonary congestion, it also showed the presence of marked arteriosclerosis of the left coronary artery, hypertrophy of the heart, a colon hemorrhage, and alcoholic hepatitis with early cirrhosis. The report noted that the "principle disease process" was acute congestive heart failure. Dr. Hansbarger, a pathologist, examined medical records, including the autopsy protocol and tissue slides. He concluded that Mr. Jarrell died from atherosclerotic coronary heart disease and that Mr. Jarrell suffered from mild pneumoconiosis that did not contribute to his death.
 
 
 8
 Substantial evidence supports the administrative law judge's conclusion that pneumoconiosis neither caused nor substantially contributed to Mr. Jarrell's death. We cannot disturb this finding. Accordingly, the administrative law judge and the Benefits Review Board did not err in determining that Mrs. Jarrell was not entitled to survivor benefits under 20 C.F.R. Sec. 718.205(c).
 
 III
 
 9
 There is some conflict in the relevant medical evidence bearing on whether Mr. Jarrell was totally disabled due to pneumoconiosis.
 
 
 10
 Mrs. Jarrell offers medical reports from Dr. Rasmussen, based on his examinations of Mr. Jarrell in 1981 and 1985. During both examinations, he administered ventilatory and blood gas tests.
 
 
 11
 In 1981, Dr. Rasmussen administered one blood gas test while Mr. Jarrell was at rest and two tests during exercise. The resting test yielded blood gas values at which Mr. Jarrell would be considered disabled, and qualify for benefits, but the two exercise tests showed nonqualifying values. The ventilatory studies yielded nonqualifying values. Dr. Rasmussen concluded that Mr. Jarrell's "moderate loss of respiratory functional capacity ... impairs his working capacity to about 35-40%." App. 57.
 
 
 12
 In 1985, Dr. Rasmussen's ventilatory test again showed nonqualifying results, as did two of the three resting blood gas tests. One of the resting blood gas tests yielded qualifying values. No exercise tests were performed.
 
 
 13
 In rebuttal, Armco relies on Dr. Daniel's reports and deposition testimony, based on his 1984 examination of Mr. Jarrell. Ventilatory testing revealed a mild restrictive defect but showed nonqualifying values. Dr. Daniel performed one resting and one exercise blood gas study, neither of which yielded qualifying values. He diagnosed Mr. Jarrell as suffering from pneumoconiosis, obesity, cirrhosis of the liver, and hypertensive vascular disease, but he concluded that there was "no evidence of pulmonary disfunction." App. 74. This conclusion, and Dr. Daniel's blood gas test methodology, however, were disputed by Dr. Rasmussen.
 
 
 14
 Dr. Daniel elaborated on his conclusion in his deposition testimony. He said that, while Mr. Jarrell was probably disabled from doing manual labor, this was due to other conditions, such as obesity and hypertension. He criticized the methodology of the blood gas tests performed by Dr. Rasmussen, stating that he would disregard the results of resting tests because only exercise tests are acceptably accurate.
 
 
 15
 Armco also offers reports by several other physicians, who did not perform blood gas studies on Mr. Jarrell. In 1979, he was examined by five physicians, including the three members of the West Virginia Occupational Pneumoconiosis Board. They diagnosed Mr. Jarrell as suffering from pneumoconiosis, but with no impairment. Drs. Rivera and Jarrett examined Mr. Jarrell in 1980. They attributed his health problems largely to his history of heart attack, cirrhosis of the liver, obesity, and back pain.
 
 
 16
 Substantial evidence supports the administrative law judge's determination that Mrs. Jarrell did not prove that her husband was totally disabled due to pneumoconiosis.
 
 
 17
 The decision of the Benefits Review Board is affirmed. Because the facts and legal arguments are presented adequately in the parties' briefs and the record, the decisional process would not be aided significantly by oral argument. We dispense with oral argument pursuant to Federal Rule of Appellate Procedure 34(a) and Local Rule 34(a).
 
 
 18
 AFFIRMED.